IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ANTHONY ANDREW WESTERMAN,<br><br>Defendant. | CR 15–14–H–CCL<br><br>ORDER |

Before the Court is Defendant James Westerman's Motion to Dismiss Indictment (Doc. 20) pursuant to Rules 12(b)(3)(B)(v) and 47 of the Federal Rules of Criminal Procedure. The government opposes the motion.

This case is charged under the Sex Offender Registration and Notification Act of 2006 ("SORNA"), 42 U.S.C. § 16901 *et seq.* Defendant Westerman is charged by the Indictment with Failure to Register as a Sex Offender, in violation

of 18 U.S.C. § 2250(a) [SORNA Sec. 141(a)(1), Pub. L. 109-248, 120 Stat. 587 (2006)].

In moving for dismissal of the Indictment, Defendant asserts "that he is not a 'sex offender' because he has not committed a qualifying 'sex offense' as those terms are defined under SORNA, *see* 42 U.S.C. § 16911(5)(A)(i)), and therefore he need not register under applicable federal law.[1] (Doc. 20 at 2.)

Section § 2250(a) of Title 18 makes failing to register a crime. It provides as follows:

> (A) In general. – Whoever–
> (1) is required to register under the Sex Offender Registration and Notification Act;
> ...
> (B) travels in interstate or foreign commerce, ...; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or

---

[1] However, Defendant Westerman was required to register as a sex offender under the *Kansas* offender act due to his conviction of the crime of "sexual battery" (K.S.A. 21-5505(a)). *See* K.S.A. 22-4902(b)(5).

both.

18 U.S.C. § 2250(a).

SORNA provides that "sex offenders" shall register in each jurisdiction where the offender resides, is an employee, and where the offender is a student. The sex offender must appear in person in at least one jurisdiction involved no less than 3 business days after a change of name, residence, employment, or student status. 42 U.S.C. § 16913(a)-(c).

SORNA defines a "sex offender" as meaning "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is defined by SORNA to mean:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
> (ii) a criminal offense that is a specified offense against a minor;
> (iii) a Federal offense [prosecuted under certain sections and chapters of Title 18]; ....

42 U.S.C. §§ 16911(1) and (5).

SORNA defines a "criminal offense" to mean "a State, local, tribal, foreign, or military offense . . . ." 42 U.S.C. § 16911(6).

Defendant states that his prior offense giving rise to the question of registration is "sexual battery, a Class A misdemeanor," and he was convicted in a Kansas state court in 2014. (Doc. 21 at 2.) Defendant claims that this offense is not a sex offense within the meaning of SORNA. Defendant states that the "only issue" is whether his Kansas conviction is "a criminal offense that has an element involving a sexual act or sexual contact with another." (Doc. 21 at 4.)

The Court notes that Defendant Westerman pled "nolo contendere" to the sexual battery charge, but that is no impediment to a federal SORNA conviction. *See, e.g., United States v. Bridges*, 741 F.3d 464 (4th Cir. 2014) (nolo contendere plea to attempted sexual battery in violation of Florida statutes resulting in judgment of two years probation and immediate service of that criminal sentence, despite fact that adjudication of guilt was withheld under Florida law, still qualified as conviction under SORNA because defendant suffered penal consequences under the judgment).

One Ninth Circuit panel has stated in dicta that a categorical approach should be used to determine whether a criminal offense is a "sex offense" within

the meaning of SORNA. *United States v. Mi Kyung Byun*, 539 F.3d 982 (9th Cir. 2008). This approach requires the Court to examine the elements of the predicate offense, instead of the underlying circumstances of the crime, to determine whether it fits the SORNA definition of a "sexual offense." In so doing, the Court may interpret the predicate offense elements using the "ordinary, contemporary, and common meaning of the statutory words." *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006). If the elements of the predicate state sex offense "are the same as, or narrower than," the SORNA offense, the two offenses should be considered a categorical match. *See Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2281, 186 L.Ed.2d 438 (2013).

"Sexual battery" under the Kansas Statutes Annotated is defined as "the touching of a victim who is not the spouse of the offender, who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another." K.S.A. 21-5505(a). This statute provides that the offense of "[s]exual battery is a class A person misdemeanor." K.S.A. 21-5505(c)(1). The elements of the offense are (1) touching of the victim

with the intent to arouse or satisfy the sexual desires of the offender; and (2) lack of consent of the victim. It is a specific intent crime.[2] *See State v. Johnson*, 268 P.3d 506, 2012 WL 402013, *3 (Kans. 2012) ("Johnson disingenuously argues his clear and unequivocal admissions to 'intentionally' touching M.L. with the 'intent to arouse' his or another's sexual desires isn't enough to establish a factual basis of specific intent."). To 'touch' means to have bodily contact. Merriam-Webster Dictionary, New Edition, 2004. 'Sexual desires' are desires relating to or involving sexual activity or behavior. *Id.*

Defendant urges that this Court abandon SORNA in order to look further into the federal code for a definition of "sexual act" and "sexual contact."

---

[2] Defendant raises the issue of whether K.S.A. 21-5505(a) lacks "an express mental state element [so that] the intent can be satisfied by a reckless *mens rea*." (Doc. 28 at 5.) Defendant suggests "that a reckless *mens rea* may not suffice in some applications of the categorical approach analysis." (Doc. 28 at 5.) The Court will not consider an argument raised for the first time in the reply brief, preventing the government from responding to this argument. *See Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F.Supp.2d 1083, 1103 n.15 (C.D. Cal. 2000). Other than to note that the argument is dubious, the Court will not consider it further.

However, the government points out that in interpreting K.S.A. 21-5505(a), this Court is entitled to use "ordinary, contemporary, and common meanings of the statutory words." *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006); *see also United States v. Sinerius*, 504 F.3d 737, 741 (9th Cir. 2007) (quoting *Lopez-Solis*, 447 F.3d at 1206-07).

In reply to the government, Defendant cites *United States v. Berry*, 2016 WL 682978 (4th Cir. 2016), for the proposition that a defendant's tier determination under SORNA should utilize the federal definitions of "sexual act" and "sexual contact" set forth in 18 U.S.C. § 2246. Defendant maintains that this Court should similarly resort to the federal definitions supplied by 18 U.S.C. § 2246 to determine whether the Kansas sexual battery statute categorically matches SORNA's definition of a sex offense. This argument is flawed, however, because the *Berry* court was interpreting subsections of SORNA applicable only at the time of sentencing. We are not here in a sentencing posture. Moreover, when it comes to tier designations, resort to these federal definitions is unambiguously textually required, showing that when Congress wanted to incorporate federal

definitions, it did so.

Tier designations under SORNA govern the length of time that registration is required: Tier I sex offenders are registered for 15 years; Tier II sex offenders are registered for 25 years; and Tier III sex offenders are registered for life. 42 U.S.C. § 16915(a).[3] To be applied by the district court at the time of sentencing, the SORNA tier designations *explicitly* require the district court to consider federal definitional statutes for Tier II and Tier III offenders only. *See* 42 U.S.C. § 16911(3)-(4). Unlike the Tier I subsection, which does not reference any federal statute, both Tier II and Tier III subsections *explicitly* reference federal sex offenses.[4] A federal Tier III sex offender has the highest offense level (16) for

---

[3] Registration periods for Tier I offenders may be reduced to 10 years if the Tier I offender satisfies the four criteria comprising a "clear record" for a period of 10 years. 42 U.S.C. § 16915(b)(2)(A). Registration periods for Tier III adjudicated delinquent offenders may be reduced to 25 years if the Tier III delinquent offender maintains a "clear record" for 25 years. 42 U.S.C. § 16915(b)(2)(B). No reduction in registration is provided for Tier II offenders.

[4] With several exceptions not relevant here: for example, both Tier II and Tier III definitions permit those designations upon the second or third Tier I felony offenses, respectively, without any reference to federal sex offenses or definitions. 42 U.S.C. §§ 16911(3)(C), (4)(C).

calculating a guideline range, and a federal Tier I sex offender has the lowest offense level (12) for calculating a guideline range.  *See* U.S.S.G. § 2A3.5(a).

Unsurprisingly, and as so ably demonstrated by defense counsel, it appears that in Defendant Westerman's case a SORNA conviction would result in a Tier I designation because his "sexual battery" crime does not fit any of the crimes listed under Tier II or Tier III.  Tier I is simply a catchall provision, meaning a "sex offender other than a tier II or tier III sex offender."  42 U.S.C. § 16911(2).  Defendant Westerman's tier designation at the time of sentencing would therefore not reference any federal statute but instead would simply default to the generic definition of a sex offense under SORNA, proving nothing for Defendant's argument and making the *Berry* argument irrelevant.

The Court concludes that the criminal offense of "sexual battery" under K.S.A. 21-5505(a) categorically matches the SORNA definition of a "criminal offense that has an element involving a sexual act or sexual contact with another."  42 U.S.C. § 16911(5)(A)(i).  Congress could have referred to and incorporated the Title 18, Chapter 109A definitions in defining sex offenses under

§ 16911(5)(A)(i), but it did not. Defendant believes that we should narrow the definition of "sexual contact" for this subsection by utilizing a Chapter 109A definition, 18 U.S.C. § 2246(3), but Defendant can cite no authority that would require this Court to do so. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment (Doc. 20) is DENIED.

Dated this 1st day of March, 2016.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE