

FILED
JAN 2 8 2020
Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-14-H-CCL-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JAMES ANTHONY ANDREW WESTERMAN, | |
| Defendant. | |

## I. Synopsis

Defendant James Anthony Andrew Westerman (Westerman) has been accused of violating the conditions of his supervised release. Westerman admitted the alleged violation. Westerman's supervised release should be revoked. Westerman should be placed in custody for 11 months, with 49 months of supervised release to follow. Westerman should serve his term of custody at the Bureau of Prisons' facility in SeaTac, Washington, if possible.

## II. Status

Westerman pleaded guilty to the crime of Failure to Register as a Sex Offender on August 29, 2016. (Doc. 48). The Court sentenced Westerman to 16 months of custody, followed by 5 years of supervised release. (Doc. 52).

Westerman's current term of supervised release began on February 3, 2017. (Doc. 64 at 1).

**Petition**

The United States Probation Office filed a Petition on February 9, 2017, requesting that the Court revoke Westerman's supervised release. (Doc. 64). The Petition alleged that Westerman had violated the conditions of his supervised release by failing to report to his probation officer as directed.

**Initial appearance**

Westerman appeared before United States Magistrate Judge Kathleen L. DeSoto for his initial appearance on January 16, 2020. Westerman was represented by counsel. Westerman stated that he had read the petition and that he understood the allegations. Westerman waived his right to a preliminary hearing.

**Revocation hearing**

The parties consented to proceed with the revocation hearing before the undersigned. The Court conducted a revocation hearing on January 28, 2020. Westerman admitted that he had violated the conditions of his supervised release by failing to report to his probation officer as directed. The violation is serious and warrants revocation of Westerman's supervised release.

Westerman's violation is a Grade C violation. Westerman's criminal history

category is III. Westerman's underlying offense is a Class C felony. Westerman could be incarcerated for up to 24 months. Westerman could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Westerman's supervised release should be revoked. Westerman should be incarcerated for 11 months, with 49 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Westerman should serve his term of custody at the Bureau of Prisons' facility in SeaTac, Washington, if possible.

### IV. Conclusion

The Court informed Westerman that the above sentence would be recommended to Senior United States District Judge Charles C. Lovell. The Court also informed Westerman of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Westerman that Judge Lovell would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That James Anthony Andrew Westerman violated the conditions of his supervised release by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

That the District Court revoke Westerman's supervised release and commit Westerman to the custody of the United States Bureau of Prisons for a term of 11 months, with 49 months of supervised release to follow. Westerman should serve his term of custody at the Bureau of Prisons' facility in SeaTac, Washington, if possible.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 28th day of January, 2020.

*John Johnston*
United States Magistrate Judge