
FILED

FEB 18 2020

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA | CR-15-14-H-CCL |
|---|---|
| Plaintiff, | |
| vs. | Order |
| JAMES ANTHONY ANDREW WESTERMAN, | |
| Defendant. | |

On January 17, 2020, this Court referred a Petition for Revocation for hearing, findings of fact, and recommendation to Magistrate Judge Johnston. (Doc. No. 70). The revocation hearing was held on January 28, 2020. Pending now before the Court are the Findings and Recommendations filed by Magistrate Judge Johnston on January 28, 2020. (Doc. No. 76). Neither party has submitted an objection to the Findings and Recommendations.

## I. Findings and Recommendations

Defendant Westerman admitted that he had violated the conditions of his supervised release by failing to report to his probation officer as directed. Based

1

on that admission, Judge Johnston found that Defendant Westerman had violated the condition of supervised release as alleged in the petition. (Doc. No. 76 at 2).

Judge Johnston recommends that this Court revoke Defendant's supervised release and sentence Defendant to a term of incarceration of eleven months, followed by a term of supervised release of 49 months. Judge Johnston also recommends that, if possible, Defendant serve his custodial sentence at the Bureau of Prisons facility located at SeaTac, Washington.

## II. Discussion

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(emphasis in original). The Court therefore reviews the magistrate judge's findings and recommendations for clear error when, as in this case, neither party objects to the findings and recommendations.

Defendant, who was represented by counsel, admitted to having committed the violation of supervised release charged in the petition. The Court therefore finds by a preponderance of the evidence that Defendant committed the violation of his conditions of supervised release, as charged in the petition. The Court also

2

agrees with Judge Johnston that Defendant's violations are serious and warrant revocation of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(3).

Judge Johnston notified Defendant that his violation grade is C, his criminal history category is III, his Chapter 7 Policy Guideline Range is 5-11 months, and that he could be incarcerated for up to 24 months. He was also notified that he could be required to serve a term of supervised release of up to 60 months, less any custody imposed. (Doc. No. 76 at 3). Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

Defendant committed a serious violation of this Court's trust by failing to report as directed by his supervising probation officer after his release from custody on February 3, 2017. The United States Probation Office submitted the petition in this case on February 8, 2017, and the Court ordered that an arrest warrant be issued on Feb. 9, 2017. Defendant was not taken into custody for almost two years.

### III. Conclusion

Having considered the recommended sentence, the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and the record in this case, the Court finds that the appropriate sentence should be as recommended

3

by Judge Johnston. The Court adopts Judge Johnston's Findings and Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Judge Johnston and the United States Probation Office.

Done and dated this 14th day of February, 2020.

CHARLES C. LOVELL
UNITED STATES DISTRICT JUDGE