IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ANTHONY ANDREW WESTERMAN,<br><br>Defendant. | CR 15-14-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant James Anthony Andrew Westerman (Westerman) has been accused of violating the conditions of his supervised release. Westerman admitted alleged violation 1. Westerman denied alleged violations 2, 3, 4, 5, 6 and 7. The Court dismissed alleged violations 2, 3, 4, 5, 6 and 7 on the government's motion. Westerman's supervised release should be revoked. Westerman should be placed in custody until 12:00 p.m. (noon) on March 1, 2024, with 30 months of supervised release to follow.

## II. Status

Westerman pleaded guilty to the crime of Failure to Register as a Sex Offender on August 29, 2016. (Doc. 48). The Court sentenced Westerman to

16 months of custody, followed by 5 years of supervised release. (Doc. 52). Westerman's current term of supervised release began on December 15, 2020. (Doc. 83 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on February 16, 2024, requesting that the Court revoke Westerman's supervised release. (Doc. 83). The Amended Petition alleged that Westerman had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed on two separate occasions; 2) by failing to follow the instructions of his probation officer on three separate occasions; 3) by failing to report for sex offender treatment; and 4) by committing another crime.

**Initial appearance**

Westerman appeared before the undersigned for his initial appearance on February 20, 2024. Westerman was represented by counsel. Westerman stated that he had read the petition and that he understood the allegations. Westerman waived his right to a preliminary hearing.

**Revocation hearing**

The parties consented to proceed with the revocation hearing before the undersigned. The Court conducted a revocation hearing on February 20, 2024.

Westerman admitted that he had violated the conditions of his supervised release by failing to report to his probation officer as directed. The Court dismissed alleged violations 2, 3, 4, 5, 6 and 7 on the government's motion. The violations that Westerman admitted are serious and warrant revocation of Westerman's supervised release.

Westerman's violation is a Grade C violation. Westerman's criminal history category is III. Westerman's underlying offense is a Class C felony. Westerman could be incarcerated for up to 24 months. Westerman could be ordered to remain on supervised release for up to 49 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Westerman's supervised release should be revoked. Westerman should be incarcerated until 12:00 p.m. (noon) on March 1, 2024, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Westerman that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Westerman of his right to object to these Findings and

Recommendations within 14 days of their issuance. The Court explained to Westerman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That James Anthony Andrew Westerman violated the conditions of his supervised release by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

> That the District Court revoke Westerman's supervised release and commit Westerman to the custody of the United States Bureau of Prisons until 12:00 p.m. (noon) on March 1, 2024, with 30 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

4

district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of February, 2024.

John Johnston
United States Magistrate Judge