IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES ANTHONY ANDREW WESTERMAN, <br><br> Defendant. | CR 15-14-H-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant James Anthony Andrew Westerman (Westerman) has been accused of violating the conditions of his supervised release. Westerman admitted to all of the violations, specifically violations 1, 2 and 3. Westerman should be placed in custody for 5 months with 25 months of supervised release to follow.

## II.  Status

Westerman pleaded guilty to the crime of Failure to Register as a Sex Offender on August 29, 2016.  (Doc. 48).  The Court sentenced Westerman to

16 months of custody, followed by 60 months of supervised release.  (Doc. 52). Westerman's current term of supervised release began on December 15, 2020. (Doc. 83 at 2).

### Petition

The United States Probation Office filed a Petition on March 22, 2024, requesting that the Court revoke Westerman's supervised release.  (Doc. 94). The Petition alleged that Westerman had violated the conditions of his supervised release: 1) by failing to report to sexual offender treatment on March 11, 2024 and March 18, 2024;  2) by failing to report to his probation officer as directed on two separate occasions,  March 12, 2024 and March 19, 2004; 3) by failing to enter and successfully complete  sex offender treatment, being terminated from the program on March 19, 2024.

### Initial appearance

Westerman appeared before the undersigned for his initial appearance on April 2, 2024.  Westerman was represented by counsel.  Westerman stated that he had read the petition and that he understood the allegations.  Westerman waived his right to a preliminary hearing.

### Revocation hearing

The parties consented to proceed with the revocation hearing before the

undersigned. The Court conducted a revocation hearing on April 2, 2024. Westerman admitted that he had violated the conditions of his supervised release by failing to report to his probation officer as directed; by failing to attend sexual offender treatment as directed; and by being terminated from his sex offender treatment program. The violations that Westerman admitted are serious and warrant revocation of Westerman's supervised release.

Westerman's violation is a Grade C violation. Westerman's criminal history category is III. Westerman's underlying offense is a Class C felony. Westerman could be incarcerated for up to 24 months. Westerman could be ordered to remain on supervised release for life. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.  Analysis

Westerman's supervised release should be revoked. Westerman should be incarcerated for 5 months, with 25 months of supervised release to follow. Westerman may petition the Court for early release of his supervised release upon successful completion of sex offender treatment. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Westerman that the above sentence would be

recommended to Chief United States District Judge Brian Morris. The Court also informed Westerman of his right to object to these Findings and Recommendations and his right to allocute before District Court Judge Brian Morris within 14 days of the issuance of these Findings and Recommendations. The Court explained to Westerman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That James Anthony Andrew Westerman violated the conditions of his supervised release by failing to report to sexual offender treatment; by failing to report to his probation officer as directed; and by failing to enter and successfully complete sex offender treatment.

The Court **RECOMMENDS:**

That the District Court revoke Westerman's supervised release and commit Westerman to the custody of the United States Bureau of Prisons for a period of 5 months, with 25 months of supervised release to follow. Westerman may petition the Court for early release of his supervised release upon successful completion of sex offender treatment.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of April, 2024.

John Johnston
United States Magistrate Judge